BENJAMIN KAHN, PLAINTIFF-APPELLEE, v. NICHOLAS D. AGGELAKOS, DEFENDANT-APPELLANT.

Submitted January term, 1931—Decided January 28, 1932.

Before Justices CASE, DALY and DONGES.

For the plaintiff-appellee, *Jacob Lubetkin.*

For the defendant-appellant, *George A. Henderson.*

PER CURIAM.

This is an appeal from a judgment of the First District Court of the city of Newark in favor of the plaintiff and against the defendant for $500.

The suit was for damages sustained by the plaintiff as a result of being bitten by a police dog owned by the defendant. The plaintiff was a tenant in an apartment house owned by a corporation of which the defendant was an officer. As the plaintiff went through a hall in this apartment house, he was bitten by the dog. While there was no evidence that the dog had previously bitten anyone, there was evidence that the dog, while muzzled, had upon three previous occasions jumped upon other persons, one of whom the dog knocked to the ground.

There was evidence to charge the defendant with knowledge of these previous attacks by the dog, and the defendant was personally present when one of these attacks was made. It was the practice of the owner to have the dog chained and muzzled and always to have the dog in the custody of some person if the dog were not chained.

The defendant-appellant urges as reasons for reversal that the court below should have granted his motions for a nonsuit and a directed verdict on the grounds that there was no proof of knowledge on the part of the defendant of any vicious propensities on the part of the dog. But there was evidence of such knowledge. Not of the dog previously having bitten anyone, it is true, but "where the proof to establish viciousness and *scienter* consists of instances tending, more or less, clearly to indicate such a disposition and such knowledge, a jury question at once arises whether under the adduced proof the animal has displayed vicious propensities to the knowledge of the owner sufficient to rebut the presumption raised by the law in favor of domestic animals, and sufficient to charge the owner with *scienter*." *Emmons* v. *Stevane,* 77 *N. J. L.* 570. There was such proof in this case and the motions for nonsuit and directed verdict were properly denied; and there was sufficient evidence to justify the jury in finding that the owner of the dog had knowledge that the dog had a vicious propensity to bite.

A number of objections to the court's charge were presented. Considering these in connection with the court's charge as a whole, there was no harmful error in anything the court said.

The judgment will be affirmed.